58 CCPA

**Claude GORTATOWSKY, Appellant,**

**v.**

**Mohammad H. ANWAR and Marvin Calderon, Appellees.**

**Patent Appeal No. 8608.**

United States Court of Customs and Patent Appeals.

June 3, 1971.

Joseph A. DeGrandi, Washington, D. C., attorney of record, for appellant. Francis C. Browne, Andrew B. Beveridge, Washington, D. C. (Browne, Beveridge & DeGrandi), and John R. Martin, Atlanta, Ga., of counsel.

Robert H. Berdo, Washington, D. C., attorney of record for appellee. David S. Abrams, Washington, D. C. (Roylance, Abrams, Berdo & Kaul), Washington, D. C., and Ronald R. Kranzow, Purchase, N. Y., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and LANDIS, Judge, United States Customs Court, sitting by designation.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Patent Interferences awarding priority to appellees, Mohammad H. Anwar and Marvin Calderon (hereinafter Anwar).

Appellant, Gortatowsky, is involved on application serial No. 349,739 filed March 5, 1964. The Coca-Cola Company is the exclusive licensee of the Gortatowsky application. The Anwar application, serial No. 329,968 filed December 12, 1963, is assigned to PepsiCo, Inc., successor to The Pepsi-Cola Company.

The invention in issue relates to soft drink emulsions wherein caramel, which had previously been used only as a colorant in the soft drink syrup, is used to emulsify the edible oils of the soft drink base.[1] This eliminates the need for gum emulsifying agents, such as gum acacia, gum arabic, etc. The single count on appeal reads:

2. A stable aqueous emulsion consisting essentially of at least one edible oil and an emulsifying amount of caramel, said caramel being the only emulsifying agent for said edible oil in said emulsion.

Both parties, in attempting to show priority of invention by earlier reduction to practice, presented considerable evidence in the nature of testimony, affidavits, exhibits, etc. The board found Gortatowsky's evidence insufficient to show a reduction to practice prior to the December 12, 1963 filing date of Anwar; therefore, the board found it unnecessary to examine the priority proofs of Anwar. The issue on appeal is whether the evidence of Gortatowsky is sufficient to show a reduction to practice prior to December 12, 1963.

As evidence of reduction to practice, Gortatowsky relies on five emulsions allegedly made in August and October of 1963. Two of the emulsions were made with corn oil and caramel, one with olive oil and caramel, one with lemon oil and caramel, and one with lime oil and caramel. Anwar contends that Gortatowsky's evidence in regard to these emulsions fails to show a reduction to practice since (1) there is no evidence that caramel was the only emulsifying agent used in making the emulsions, (2) the stability of the emulsions was not established, and (3) the utility of the emulsions was not established. In addition, Anwar contends that even if the testimony of the inventor Gortatowsky is adequate to show the above-mentioned elements of reduction to practice, his testimony has not been properly corroborated either as to the elements of reduction to practice or the date when the emulsions were made.

The board, in awarding priority to Anwar, stated:

We cannot accept Gortatowsky's testimony relative to a nunc-pro-tunc appreciation of the emulsion stability and utility respectively * * *.

Nor does any contemporaneous document of Gortatowsky specifically describe the stability of the emulsion and the utility of the emulsion prior to December 12, 1963.

Finally, the case for Gortatowsky falls for want of proper corroboration of the testimony of the inventor, Gortatowsky.

We will affirm the decision of the board because we are convinced that the testimony of Gortatowsky concerning the preparation of the above-mentioned emulsions, which allegedly constitutes a reduction to practice, has not been properly corroborated. Therefore, we find it unnecessary to decide whether the testimony of Gortatowsky himself was adequate and whether the date of Gortatowsky's work was properly corroborated.

The main corroborating witness relied upon by Gortatowsky is Leroy Ta-

---

1. Both parties inform us that a soft drink syrup is made from the emulsified oils of the soft drink base by adding such things as flavorings, colorings, phosphoric acid, and a water-sugar mixture. Soft drinks are then made from the syrup by adding carbonated water.

tum. The record also contains three stipulated affidavits of Cheston Hall, George Patrick, and Sandra Moore, all of which seem to stress that when Gortatowsky worked in the laboratory he always had Tatum assist him. Evidently, this is intended to show that Tatum must have been present during the work done in August and October of 1963. Appellant, in his brief and at oral argument, also seems to emphasize that the testimony shows that Tatum was there when the emulsions were made. However, the mere fact that Tatum was present in the laboratory does not adequately corroborate the alleged reduction to practice unless he can also testify as to the work performed. Senkus v. Johnston, 166 F.2d 597, 35 CCPA 1008 (1948).

We find the testimony of Tatum to be particularly devoid of any positive statements concerning the work of Gortatowsky which allegedly constitutes a reduction to practice. For example, there is no mention in the Tatum testimony of whether caramel was the only ingredient which Gortatowsky added to the oils, nor is there any statement as to whether the oils themselves were free of other ingredients prior to being emulsified with the caramel. Actually, the most that can be said for Tatum's testimony is that it indicates that he was in the laboratory assisting (running errands, obtaining supplies, etc.) Gortatowsky and that because it was his duty to get the materials he knew that Gortatowsky was working with ingredients such as caramel, corn oil, etc. Tatum's testimony goes no further. Even applying the standards for determining whether the corroboration is sufficient as set forth in Berry v. Webb, 412 F.2d 261, 56 CCPA 1272 (1969); Beeber v. Krogh, 403 F.2d 743, 56 CCPA 880 (1968); and Patterson v. Hauck, 341 F.2d 131, 52 CCPA 987 (1965), we think it clear that Tatum's testimony does not adequately corroborate the testimony of the inventor, Gortatowsky, concerning the alleged reduction to practice in the fall of 1963.

■ There is another piece of evidence which might, under appropriate circumstances, aid in establishing the over-all corroboration necessary, that being Gortatowsky's laboratory notebook. This court has under certain conditions given weight to laboratory notebooks for the purpose of corroboration. Anderson v. Pieper, Cust. & Pat.App., 442 F.2d 982, decided May 27, 1971 (inventor's testimony corroborated by a coworker's notebook); Berry v. Webb, supra (inventor's testimony corroborated by inventor's own notebook). In this case, however, we do not see how the laboratory notebook of Gortatowsky could be said to provide the necessary corroboration. In particular, it is noted that the notebook pages were not read and witnessed by anyone. In addition, Gortatowsky testified that he only attempted to keep his notebook entries in chronological order "to a degree" and that it was his practice at times to leave blanks in the notebook which might be filled in at a later date. Thus, there isn't even adequate evidence here that the notebook itself was in existence and properly kept at the time alleged, let alone sufficient evidence in the notebook itself to in turn corroborate Gortatowsky's testimony. We, therefore, conclude that the board was correct in holding that Gortatowsky's proof of reduction to practice fails for lack of proper corroboration.

■ There remains the question of assessment of costs for the printing of some 282 additional pages in the record as requested by appellees, Anwar. Most of the additional materials comprise the Anwar testimony. We do not think that any of it was necessary or useful in resolving the issues before us. The board specifically declined to consider Anwar's priority proofs and rested its decision solely on Anwar's filing date and Gortatowsky's proofs. The issue before us then is only whether Gortatowsky's proof of reduction to practice is sufficient, and it in no way concerns Anwar's proof of reduction to practice. While

appellees in their brief refer to a minor portion of their testimony for background and appellant in his brief also refers to three short (one or two-page) segments of the Anwar testimony to compare it with his own (for example, to show that Anwar too could not remember certain specific dates), we find none of this really necessary to the arguments of either side. Accordingly, we find appellant's request to be justified and hereby order that the cost of printing these additional pages in the record be assessed against appellees.

The decision of the board is *affirmed*.

Affirmed.

Baldwin, J., disagreed in full.